IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

| | |
|---|---|
| VICTORIA C. VOEGEL, ) <br> ) **JURY DEMAND** <br> Plaintiff, ) <br> ) Case No. 23-CV-___ <br> v. ) <br> ) <br> , ) <br> OBSTETRICS AND GYNECOLOGY CARE, ) **JURY DEMAND** <br> ASSOC., S.C., ) <br> ) <br> Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, VICTORIA C. VOEGEL (hereinafter referred to as "Voegel"), by and through her attorneys, Costigan & Wollrab, P.C., and for her Complaint against the Defendant, OBSTETRICS AND GYNECOLOGY CARE, ASSOC., S.C. authorized to do business in the State of Illinois (hereinafter referred to as "OB-GYN CARE"), states as follows:

**I.      JURISDICTION**

1. That this action is brought pursuant to the *Americans with Disabilities Act Amendments Act*, 42 U.S.C. § 12101, *et seq.* (hereinafter referred to as the "ADAAA") together with 28 U.S.C. § 1331, vest this Honorable Court with jurisdiction over this cause.

2. That Voegel has fully complied with all administrative prerequisites to the filing of this suit. Namely, Voegel timely filed a "Charge of Discrimination" with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a "Right to Sue Letter." A true and accurate copy of the "Right to Sue Letter" that Voegel received

Page **1** of **10**

from the EEOC is attached hereto and incorporated herein as "Plaintiff's Exhibit A."

3. That this Complaint is being filed within ninety (90) days of Voegel's receipt of the aforementioned "Right to Sue Letter."

## II. VENUE

4. That venue is properly placed in the U.S. District Court for the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. § 1391(b). Voegel is a resident of McLean County, Illinois and OB-GYN CARE conducts business and maintains a place of business in Bloomington, McLean County, Illinois. Furthermore, the acts complained of herein occurred within the Peoria Division.

## III. PARTIES

5. That Voegel is a citizen of the United States and is a legal adult over the age of eighteen (18).

6. That OB-GYN CARE is a domestic professional corporation authorized to do business in the State of Illinois and conducting business in McLean County, Illinois.

7. At all times relevant herein, OB-GYN CARE employed more than fifteen (15) employees and constituted a covered "employer" as defined in the applicable provisions of the ADAAAA.

## IV. ALLEGATIONS

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Beginning on January 3, 2005 and until the termination of her employment by OB-GYN CARE on November 18, 2022; Voegel was an employee of OB-GYN CARE. At the time of the termination of her employment, Voegel held the position of Physician Assistant.

9. At all times relevant herein, Voegel was performing her job duties in a satisfactory manner and meeting the legitimate business expectations of OB-GYN CARE up to and on November 18, 2021.

10. That despite Voegel's job performance, OB-GYN CARE discriminated against Voegel because of her physical disabilities unrelated to her ability to perform her job duties. Prior to and on November 18, 2021, OB-GYN CARE treated Voegel differently due to her physical disabilities, which included residual orthopedic conditions because of her knee replacements and an ankle injury that necessitated the wearing of a brace; and residual arthritic conditions with her lower extremities, her hands, and her fingers.

11. On occasions prior to and on November 18, 2021 when OB-GYN CARE terminated Voegel's employment, Voegel learned that the principal owner of OB-GYN CARE, Joseph Santiago and senior management of OB-GYN CARE believed that Voegel was a "fall risk" as a consequence of her physical disabilities unrelated to her ability to perform her job duties as a Physician Assistant.

12. Additionally, on November 11, 2021, a co-worker of Voegel submitted a written statement to the Office Manager of OB-GYN CARE noting observations she had made of Voegel having issues with the use of her hands and fingers; and shortly after the co-worker's observations of a perceived disability or impairment in the use of Voegel's hands and fingers to management personnel, Voegel was advised by management personnel of OB-GYN CARE that her position as a Physician Assistant with OB-GYN CARE was terminated effective November 18, 2021.

13. That prior to and on November 11, 2021, Voegel was meeting all of legitimate business expectations of OB-GYN CARE; but despite the fact that Voegel was performing all of the essential functions of her position with OB-GYN CARE, Voegel's physical disabilities

unrelated to her ability to perform her job duties led to OB-GYN CARE terminating her employment in violation of the appliable provisions of the ADAAAA.

14. That the actions of OB-GYN CARE in regarding Voegel's physical disabilities as a risk to OB-GYN CARE amounted to discrimination by OB-GYN CARE on the basis of Voegel's physical disabilities unrelated to her ability to perform her job; and ultimately led to the unlawful termination of her employment with OB-GYN CARE on November 18, 2021 in violation of the applicable provisions of the ADAAAA.

15. That in addition to the foregoing, personnel at OB-GYN CARE discriminated against VICTORIA because of her age of being over forty years of age at all times relevant herein in violation of the applicable provisions of the Age Discrimination in Employment Act ("ADEA").

16. That OB-GYN CARE senior management personnel made it clear in their actions preceding the termination of Voegel's employment with OB-GYN CARE that Voegel's age was a factor in the adverse employment actions that led to the termination of Voegel's employment.

17. Senior management personnel of OB-GYN CARE favored younger female employees over Voegel.

18. Beginning in at least the early part of 2021 and up to November 18, 2021, senior management personnel of OB-GYN CARE drove revenue generating patient assignments to Amanda Boitnott, who did not have any physical disabilities and was not perceived as having any physical disabilities and was younger than 40 years of age, despite the fact that Voegel had room on her schedule to manage the needs of patients assigned to Amanda Boitnott; and despite the fact that some of the patients scheduled with Amanda Boitnott had previously been routinely cared for by Voegel.

19. Additionally, prior to and on November 18, 2021, senior management personnel, including in particular, Joseph Santiago, showed favoritism toward younger female employees and employees who did not have physical disabilities; including flirting with the younger female employees who did not have physical disabilities, exhibiting acts of physical affection toward younger female employees of OB-GYN CARE who did not have physical disabilities, including rubbing the backs and other body parts of younger female employees of OB-GYN CARE who did not have physical disabilities, which occurred despite the criticisms voiced by Voegel to senior management personnel of OB-GYN CARE.

20. That senior management personnel of OB-GYN CARE favored younger female employees of OB-GYN CARE without physical disabilities with different work environment benefits as compared to Voegel, including driving revenue generating services to other younger non-physically disabled female personnel and away from Voegel.

21. That because of the foregoing actions of OB-GYN CARE due to the physical disabilities and age of Voegel, the revenue generated by Voegel declined in comparison to earlier years in the beginning of the 2021 calendar year. However, in the months prior to the termination of Voegel's employment with OB-GYN CARE, Voegel's revenue had increased a bit; despite the adverse employment actions of senior management personnel of OB-GYN CARE and their concerted efforts to move revenue away from Voegel and to younger female employees of OB-GYN CARE who did not have physical disabilities. Notwithstanding that Voegel was increasing her revenues in the later part of 2021, OB-GYN CARE terminated Voegel's employment on November 18, 2021.

22. As a result of the foregoing actions by OB-GYN CARE, Voegel has sustained damages including but not limited to loss of wages, loss of employee benefits, other compensatory

losses recoverable under the Act; as well as requiring Voegel to incur attorney's fees all to her detriment.

### COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT'S PROHIBITION AGAINST DISCRIMINATION

1.-22.   Voegel incorporates Paragraphs One (1) through Twenty-Two (22), above, in this Count I as if fully set forth in this Count I.

23.   Voegel made OB-GYN CARE aware of her medical and physical impairments in accordance with applicable law and the policies and procedures applicable to employees of OB-GYN CARE.

24.   Voegel's medical and physical impairments substantially limited one (1) or more of Voegel's major life functions.

25.   At all times complained of herein, Voegel had a recognized disability and was a qualified individual as defined by the provisions of the ADAAA.

26.   That prior to and up through the date of the termination of Voegel's employment by OB-GYN CARE, Voegel was regarded by OB-GYN CARE as disabled which was perceived as creating risks to OB-GYN CARE; and consequently, Voegel was disregarded as an employee of OB-GYN CARE and her employment was terminated due to her physical impairments and being regarded as disabled due to physical disabilities unrelated to her ability to perform her job duties for OB-GYN CARE.

27.   Prior to the termination of her employment with OB-GYN CARE, Voegel could perform the essential functions of her position as a Physician Assistant and Voegel was meeting the reasonable expectations of OB-GYN CARE as it related to employee performance.

28. OB-GYN CARE's decision to terminate Voegel violated the provisions of the ADAAA prohibiting discrimination by an employer against an employee due to disability or perceived disability.

29. OB-GYN CARES's asserted reason for terminating Voegel's position, her declining revenue numbers was pretext for prohibited discrimination under the ADAAA.

30. As a result of the unlawful and willful acts complained of herein, Voegel has suffered compensatory damages including, but not limited to, lost wages and lost employee benefits, including, but not limited to, insurance, employee benefits, and other related compensation benefits, and has incurred attorney's fees and other expenses related thereto.

WHEREFORE, the Plaintiff, VICTORIA C. VOEGEL, respectfully prays that this Honorable Court enter a judgment in favor of the Plaintiff and against the Defendant, OBSTETRICS AND GYNECOLOGY ASSOC. S.C., a domestic professional corporation, which grants the following relief:

A. Reinstatement to her position with all back-pay, employee benefits, and other emoluments of employment restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory damages, including punitive damages, attorney's fees and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

## COUNT II – RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

1.-30.    Voegel incorporates Paragraphs One (1) through Thirty (30), above, in this Count II as if fully set forth in this Count II.

31.    Voegel made OB-GYN CARE aware of her medical and physical impairments in accordance with applicable law and the policies and procedures applicable to employees of OB-GYN CARE.

32.    Voegel's medical and physical impairments substantially limited one (1) or more of Voegel's major life functions.

33.    At all times complained of herein, Voegel had a recognized disability and was a qualified individual as defined by the provisions of the ADAAA.

34.    Prior to and up through the date of the termination of her employment with OB-GYN CARE, Voegel was perceived as a disabled person who exposed OB-GYN CARE to a greater risk of injury due to Voegel's perceived physical disabilities.

35.    OB-GYN CARE retaliated against Voegel as a result of OB-GYN CARE's perception that Voegel's physical impairments and disability created a greater risk of injury or harm to OB-GYN CARE in violation of the appliable provisions of the ADAAAA prohibiting retaliation due to an employee's physical impairments and or physical disabilities or perceived physical disabilities resulting in an adverse action or actions by OB-GYN CARE, including but not limited to creating hostile work environment that was hostile to Voegel due to her physical disabilities perceived by other employees of OB-GYN CARE as creating an unfavorable risk of injury to Voegel.

36. Prior to the termination of her employment with OB-GYN CARE, Voegel could perform the essential functions of her position as a Physician Assistant and Voegel was meeting the reasonable expectations of OB-GYN CARE as it related to employee performance.

37. OB-GYN CARE's decision to terminate Voegel from her position as Physician Assistant violated the provisions of the ADAAA's prohibition of retaliation against an employee for the employee's exercise of their rights afforded under the ADAAA.

38. OB-GYN CARE's asserted reason for terminating the employment of Voegel, reduced revenue was false and was pretext for prohibited retaliation under the ADAAA.

39. As a result of the unlawful and willful acts complained of herein, Voegel has suffered compensatory damages including, but not limited to, lost wages and lost employee benefits, including, but not limited to, insurance, employee benefits, and other related compensation benefits, and has incurred attorney's fees and other expenses related thereto.

WHEREFORE, the Plaintiff, VICTORIA C. VOEGEL, respectfully prays that this Honorable Court enter a judgment in favor of the Plaintiff and against the Defendant, OBSTETRICS AND GYNECOLOGY ASSOC. S.C., a domestic professional corporation, which grants the following relief:

A. Reinstatement to her position with all back-pay, employee benefits, and other emoluments of employment restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory damages, including punitive damages, attorney's fees and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee

benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**PLAINTIFF, VICTORIA C. VOEGEL, DEMANDS TRIAL BY A JURY ON ALL COUNTS OF THIS COMPLAINT.**

Respectfully Submitted,

Plaintiff, VICTORIA C. VOEGEL,

**/s/ Dawn L. Wall**

By: _____
ARDC No. 6196948
Costigan & Wollrab, P.C.
308 East Washington Street
P.O. Box 3127
Bloomington, Illinois 61702
Telephone: (309) 828-4310
Fax: (309) 828-4325
dwall@cwlawoffice.com